UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8020 AHM<br>CR 02-0973 NM | Date | January 4, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. JOSE L. PANIAGUA | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** (IN CHAMBERS)

## I.   INTRODUCTION

On September 20, 2002, a federal grand jury indicted Defendant Jose L. Paniagua ("Defendant") and co-defendants John Petrov ("Petrov"), Jose Ocegueda ("Ocegueda"), and Abraham Del Real ("Del Real") on the following four counts: Count 1: conspiracy to possess with intent to distribute methamphetamine; Count 2: attempted possession with intent to distribute methamphetamine; Count 3: conspiracy to possess a firearm in furtherance of a drug trafficking crime; and Count 4: possession of a firearm in furtherance of a drug trafficking crime. Count Four of the indictment charged, in relevant part, that Defendant "knowingly possessed" a firearm "in furtherance of a drug trafficking crime," in violation of 18 U.S.C. § 924(c).

The trial was conducted before the Hon. Nora M. Manella, who later stepped down from the bench of this Court. At trial, the Government introduced evidence that a confidential informant ("CI") working for the Drug Enforcement Administration ("DEA") agreed to supply two pounds of methamphetamine to co-defendant Petrov, who in turn would locate purchasers for the drugs. On August 26, 2002, Petrov called co-defendant Ocegueda and directed him to meet Petrov in the parking lot to the rear of Petrov's office in order to purchase the drugs. That evening, as Defendant, Ocegueda and Del Real arrived in a pick-up truck driven by Defendant, Petrov instructed the CI to place the methamphetamine on the floor of the CI's vehicle, which the CI had parked in the parking lot, and to leave the scene. After Defendant parked his truck next to the CI's vehicle, he and Ocegueda exited the truck and entered Petrov's office. Later, Petrov,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8020 AHM<br>CR 02-0973 NM | Date | January 4, 2008 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. JOSE L. PANIAGUA |
|---|---|

Defendant and Ocegueda exited the office, and Ocegueda and Del Real, who had been waiting in the truck, approached the CI's vehicle. Defendant and Petrov, who were across the parking lot, watched Ocegueda and Del Real approach the vehicle. After Del Real opened the front passenger door to the CI's vehicle and after he and Ocegueda appeared to search for something in the vehicle, DEA agents arrested all four defendants at the scene. After arresting Defendant, a DEA agent searched him and found a loaded "Glock" firearm tucked in the waist band of his pants. A DEA agent also searched Del Real and found a loaded "Ruger" firearm concealed in his pants.

On February 21, 2003, a jury found Defendant and Del Real guilty on all four counts. The verdict form for Count Four merely required the jury to determine whether the defendants were guilty or not guilty of this count. It did not ask questions as to the specific elements of the crime alleged, for example, whether Defendant possessed a firearm or whether he possessed it in furtherance of a drug trafficking crime. On June 30, 2003, the court sentenced Defendant to 157 months in prison, 60 months of supervised release, and a $400 special assessment.

On appeal, Defendant argued that the district court erred in denying him a two level downward adjustment to his sentence for minor participation in criminal activity pursuant to U.S. Sentencing Guidelines § 3B1.2(b). Defendant subsequently joined in Del Real's appeal of his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). On June 23, 2005, the Ninth Circuit affirmed the convictions of Defendant and Del Real, but vacated their sentences and remanded for sentencing under *Booker*. On December 9, 2005, the district court re-sentenced Defendant to 120 months in prison, 60 months of supervised release, and a $400 special assessment.

On December 15, 2006, Defendant filed a motion requesting that the Court vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court DENIES Defendant's motion.

## II. DEFENDANT'S CONTENTIONS

Defendant, who is proceeding *pro per*, appears to challenge his conviction and sentence on three grounds: (1) First, Defendant contends that Count Four of the indictment failed to allege an essential element of 18 U.S.C. § 924(c), namely, that his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8020 AHM<br>CR 02-0973 NM | Date | January 4, 2008 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. JOSE L. PANIAGUA |
|---|---|

connection with the firearm was "during and in relation to" a drug offense, thereby depriving the court of subject matter jurisdiction; (2) Second, Defendant argues that the court "constructively amended" the indictment by inserting into the court's preliminary jury instruction for Count Four an element of the offense ("in relation to . . ."), which Defendant claims is missing from the indictment; and (3) Third, Defendant asserts that his counsel did not provide constitutionally-mandated assistance because he failed to raise at trial or on appeal the alleged deficiency of the indictment or the alleged constructive amendment to the indictment.

### III.  DISCUSSION

#### A.  THE INDICTMENT PROPERLY CHARGED DEFENDANT.

Defendant argues that the indictment "failed to invoke subject matter jurisdiction" because Count Four allegedly "omitted the essential substantive element of 'during and in relation[] to.'"  Defendant contends that because the indictment failed to "plead specific statutory language" he did not have "proper notice of what constitutes the change [sic] of the grand jury."

Defendant's argument is without merit.  The district court clearly had subject matter jurisdiction because the Government charged Defendant with violating various federal statutes, including 18 U.S.C. § 924(c).  Moreover, Defendant's argument that the indictment omitted an essential element of Section 924(c) fails, in part, because he relies on an out-of-date version of the statute and on cases that cite to that version.  Now, and at the time of the indictment and trial, Section 924(c)(1)(A) provides, in relevant part, as follows:

> [A]ny person who, *during and in relation to* any crime of violence or drug trafficking crime . . . *uses or carries* a firearm, or who, <u>in furtherance of</u> any such crime, <u>possesses</u> a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i)    be sentenced to a term of imprisonment of not less than 5 years;
> (ii)   if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8020 AHM<br>CR 02-0973 NM | Date | January 4, 2008 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. JOSE L. PANIAGUA |
|---|---|

    (iii)   if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). In 1998, Congress amended the statute to add the "in furtherance" language. *See United States v. Hector*, 474 F.3d 1150, 1156 (9th Cir. 2007). As a result, Section 924(c)(1)(A) now contains two closely-related but separately phrased prongs:

    (1)   *"during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm . . . ."*

    (2)   "<u>in</u> <u>furtherance</u> <u>of</u> <u>any</u> <u>such</u> <u>crime,</u> <u>possesses</u> <u>a</u> <u>firearm</u> <u>. . . .</u>"

    Here, Count Four of the indictment charged Defendant only with the second prong- that Defendant "knowingly possessed" a firearm "in furtherance of a drug trafficking crime."

    The Ninth Circuit has held that these two prongs identify two different ways one can violate 18 U.S.C. § 924(c)(1)(A). *United States v. Arreola*, 467 F.3d 1153, 1158, 1161 (9th Cir. 2006) (holding that "§ 924(c)(1)(A) defines only one offense" and an indictment charging both prongs was therefore not duplicitous). *See also United States v. Mann*, 389 F.3d 869, 879 (9th Cir. 2004) (Section 924(c)(1)(A) "makes it a crime to use or carry a firearm 'during and in relation to any crime of violence or drug trafficking crime' *or* to possess a firearm 'in furtherance of any such crime.'") (emphasis in original). Thus, because a defendant can violate Section 924(c)(1)(A) in either of these two different ways, it was not necessary that the indictment charge Defendant with the crime of using or carrying a firearm "during and in relation to" a drug trafficking crime. Accordingly, Court Four of the indictment properly charged Defendant with possession of a firearm in furtherance of a drug trafficking crime.

    **B.   THE COURT DID NOT CONSTRUCTIVELY AMEND THE INDICTMENT.**

    Although Defendant was charged only with the "possession in furtherance" prong, Judge Manella inadvertently conflated these two prongs at trial. Prior to the beginning of the trial, she read the indictment and recited preliminary instructions to the jury. When she read Count Four of the indictment and first described the offense in the preliminary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8020 AHM<br>CR 02-0973 NM | Date | January 4, 2008 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. JOSE L. PANIAGUA |
|---|---|

jury instructions, Judge Manella correctly stated that Defendant was charged with possession of a firearm in furtherance of a drug trafficking crime. However, she then conflated the elements of Count Four in the preliminary jury instructions, by stating:

> [W]ith respect to Count Four, the charge of <u>possession of a firearm in furtherance of</u> a drug-trafficking crime, the Government must prove beyond a reasonable doubt that the charged defendant committed the crime of attempted possession with intent to distribute methamphetamine as charged in Count Two of the Indictment, that the charged defendant knowingly *carried* [not "possessed"] *a firearm*, and that the charged defendant <u>possessed the firearm</u> *during and in relation to* [not "in furtherance of"] the crime.

Trial Tr. 2/18/03: 176:17-24 (emphasis added).[1]

Defendant cites only this instruction in arguing that the phrase *"during and in relation to"* constituted a constructive amendment. He fails to note or argue that the challenged phrase also was incorporated into the final instructions.

Before the parties delivered their closing arguments, Judge Manella orally delivered final jury instructions. As to Count Four, what she said did not mistakenly combine (conflate) the two prongs:

> Defendants are charged in Count Four of the Indictment with *carrying a firearm during and in relation to* a drug trafficking crime . . . . In order for a

---

[1] At trial, the Government attorney also conflated the necessary elements of Count Four. In the opening statement, the Government asserted that Count Four charged Defendant with "<u>actually possessing firearms</u> *in connection with* [not "in furtherance of"] this very drug deal." Trial Tr. 2/18/03: 188:19-20. In the closing argument, the Government attorney stated that the facts "lead to only one reasonable conclusion: That the defendants conspired to <u>possess firearms</u> *in connection with* [not "in furtherance of"] this drug deal." Trial Tr. 2/20/03: 96:14-18. The prosecutor also stated that an element of Count Four is that "the defendant *knowingly carried the firearm during and in relation to* the crime." Trial Tr. 2/20/03: 97:14-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8020 AHM<br>CR 02-0973 NM | Date | January 4, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. JOSE L. PANIAGUA | | |

defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt . . .  Second, the defendant knowingly *carried the firearm*; Third, the defendant knowingly *carried the firearm during and in relation to* the crime.

Trial Tr. 2/20/03: 80:2-12 (emphasis added).  In the final written Jury Instructions, Number 16 stated the above.

Although the court's final jury instructions, in both oral and written form, did not incorporate aspects of both of the two prongs, they did deal only with the prong that Defendant was <u>not</u> accused of violating.  That is, they directed the jury to the "carrying during and in relation to" portion of Section 924(c)(1)(A), not to what Defendant was accused of violating, namely the "possession in furtherance of" portion.

Defendant asserts that a "jury instruction that constructively amends a grand jury indictment constitutes per se reversible error because such an instruction violated a defendant's constitutional right to be tried on only those charges presented in a grand jury indictment."

> As stated in *United States v. Arreola*, *supra*, 467 F.3d at 1162,
> A defendant in a felony trial can only be convicted of charges upon which a grand jury has returned an indictment.  An indictment is constructively amended where "the evidence presented at trial, together with the jury instructions, raises the possibility that the defendant was convicted of an offense other than that charged in the indictment."

(internal citation deleted).  *See also United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002) (finding constructive amendment of an indictment where (1) "there is a complex of facts [presented at trial] distinctly different from those set forth in the charging instrument," or (2) "the crime charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved.").

In *Arreola*, the superceding indictment alleged both prongs of Section 924(c)(1)(A): that defendant used and carried a firearm during and in relation to a drug

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8020 AHM<br>CR 02-0973 NM | Date | January 4, 2008 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. JOSE L. PANIAGUA |
|---|---|

trafficking crime <u>and</u> that he possessed a firearm in furtherance of such a crime. *Arreola*, 467 F.3d at 1155. However, "the jury verdict form erroneously permitted the jury to convict [the defendant] if it found that he possessed a firearm during and in relation to a drug crime, an act that § 924(c) does not criminalize." *Id.* at 1162. The Ninth Circuit found that the verdict form did not constructively amend the indictment, given that the instructions and the attorneys' arguments correctly stated the elements of the offense. *Id.* It also ruled that "it is not likely that error in the jury verdict form affected the jury's decision to convict." *Id.*

Here, Judge Manella inadvertently and improperly inserted the "during and in relation to" language into the preliminary jury instruction. However, as in *Arreola*, the court's preliminary instruction did not constructively amend the indictment because it is not likely that it could or did affect the jury's decision to convict. Nor did the erroneous preliminary instruction or the final instructions, which focused on the first prong only (a prong that was not charged), violate Defendant's Fifth Amendment due process rights. Defendant was "not deprived of 'a fair opportunity to defend' and suffered no prejudice from any differences in pleading and proof." *Hassinger v. Adams*, 243 Fed.Appx. 286, 288 (9th Cir. 2007). (See below.)

### C. DEFENSE COUNSEL DID NOT FAIL TO PROVIDE CONSTITUTIONALLY-MANDATED ASSISTANCE.

Defendant contends that his counsel did not provide constitutionally-mandated assistance because he failed to raise at trial or on appeal the alleged deficiency of the indictment or the alleged constructive amendment to the indictment. The Government argues that Defendant's failure to raise these issues before the district court or the Ninth Circuit on direct review amounts to a procedural default. Where a criminal defendant seeks to attack his sentence on collateral appeal but failed to allege error at the district court or on direct appeal, he may avoid a procedural bar by demonstrating "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). Defendant contends that the procedural default was the result of constitutionally ineffective assistance of counsel. "Constitutionally ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default." *United States v. Ratigan*, 351 F.3d 957, 964-65 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8020 AHM<br>CR 02-0973 NM | Date | January 4, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. JOSE L. PANIAGUA | | |

To prevail on a Sixth Amendment ineffective assistance of counsel claim, "'the defendant must show that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense.' The attorney's performance is evaluated against 'an objective standard of reasonableness,' which is ascertained in light of prevailing professional norms and all relevant circumstances." *Tanner v. McDaniel*, 493 F.3d 1135, 1141 (9th Cir. 2007) (citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)). Both prongs of the *Strickland* test must be satisfied in order to establish a constitutional violation. *Strickland*, 466 U.S. at 697.

For purposes of this motion, the Court will assume that Judge Manella delivered incorrect preliminary instructions to the jury, that the final instructions also were incorrect because they referred to the first (uncharged) prong and that Defendant's counsel bears part of the responsibility for the court's error. However, even assuming counsel's failure to object to the court's jury instructions at trial or on appeal constituted deficient performance, Defendant has failed to establish a sufficient showing of prejudice.

To satisfy the prejudice prong of the *Strickland* test, Defendant must establish that "there is a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hovey v. Ayers*, 458 F.3d 892, 904 (9th Cir. 2006) (citing *Strickland*, 466 U.S. at 694) (internal quotations deleted). "Instruction error should be viewed in the total context of the events at trial" to determine if "the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned." *Frady*, 456 U.S. at 168-69, 170 (to demonstrate prejudice, the petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.").

It is not clear what prejudice Defendant contends he suffered. Defendant argues generally that he "and his entire defense suffered actual and unfair prejudice throughout every phase of his trial, and his appeals," and that "[b]ut for counsel's incompetent performance, [he] would not be serving an unconstitutional 60 month sentence, consecutive to the underlying offense."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8020 AHM<br>CR 02-0973 NM | Date | January 4, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. JOSE L. PANIAGUA | | |

As discussed above, Section 924(c)(1)(A) provides two closely-related but separately phrased ways one can violate the statute:

(1) *"during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm . . . ."*

(2) "in furtherance of any such crime, possesses a firearm . . . ."

Here, Count Four of the indictment charged Defendant only with the second prong- that Defendant "knowingly possessed" a firearm "in furtherance of a drug trafficking crime." However, the final written jury instructions provided that to convict Defendant under Count Four, the jury must find beyond a reasonable doubt that Defendant "knowingly carried the firearm during and in relation to the crime." At trial, the Government presented sufficient evidence to convict Defendant under either prong: "possession of a firearm in furtherance of" or "carrying a firearm during and in relation to" a drug trafficking crime.

### 1. Prong One

"To prove that a defendant carried a firearm, the government must show that the defendant carried a firearm on his person or knowingly possesse[d] and convey[ed] firearms in a vehicle." *Arreola*, *supra*, 467 F.3d at 1160 (internal quotation deleted). *See also* Ninth Circuit Model Criminal Jury Instructions § 8.65 (2007) ("Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle. A defendant "carries" a firearm when [he] [she]: (1) knowingly possesses it; and (2) holds, moves, conveys, or transports it in some manner.").

Here, the Government established that Defendant was being surreptitiously monitored as he arrived at the scene of his arrest, and thereafter, up to the point of his arrest, when DEA agents searched him and found a loaded firearm tucked in the waist band of his pants. Trial Tr. 2/18/03: 213:3-7. Defendant does not contend that he did not move or transport the firearm to the parking lot and into and out of Petrov's office. Nor could he. Thus, the Government sufficiently established that Defendant "carried" a firearm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8020 AHM<br>CR 02-0973 NM | Date | January 4, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. JOSE L. PANIAGUA | | |

"The use or carrying of a firearm relates to the underlying drug offense where the firearm facilitated or had a role in the crime." *Arreola*, *supra*, 467 F.3d at 1160 (citing *United States v. Streit*, 962 F.2d 894, 899 (9th Cir. 1992)). In *Streit*, the Ninth Circuit stated that:

> [T]he 'relation to' requirement of section 924(c) is satisfied '[i]f the firearm is within the possession or control of a person who commits an underlying crime as defined by the statute, and the circumstances of the case show that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred.

(citations deleted). *See also United States v. Winslow*, 962 F.2d 845 (9th Cir. 1992) (finding evidence sufficient under Section 924(c)(1) to satisfy the "in relation to" element where a firearm was "available" to the defendants during the commission of the underlying crime).

The Government established that Defendant carried the firearm throughout the duration of the attempted drug sale. He carried the firearm as he exited his vehicle, met with Petrov in Petrov's office and stood by him as Ocegueda and Del Real approached the CI's vehicle. The loaded and concealed firearm was within Defendant's control and reach, and Defendant had the ability to use it. Thus, the Government sufficiently established that Defendant carried the firearm "during and in relation" to the underlying drug crime.

### 2.    Prong Two

The facts also establish that Defendant possessed the firearm "in furtherance" of the drug crime. "[T]o prove that a defendant possessed a gun in furtherance of a drug offense, the government must show that the defendant possessed the weapon to promote or facilitate the underlying crime . . . . In other words, this element of § 924(c) turns on the intent of the defendant." *Id.* "The 'in furtherance' language stems from a 1998 amendment to § 924(c) . . ." *United States v. Hector*, 474 F.3d 1150, 1156 (9th Cir. 2007) (citations deleted) (According to the legislative history of Section 924(c), "the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8020 AHM<br>CR 02-0973 NM | Date | January 4, 2008 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. JOSE L. PANIAGUA |
|---|---|

distinction between 'in furtherance of' and 'during and in relation to' is a subtle one . . . 'in furtherance of' is a slightly higher standard, and encompasses the 'during and in relation to' language.").

> As stated in *United States v. Lopez*, 477 F.3d 1110, 1115 (9th Cir. 2007):
>
> To establish that [Defendant] possessed the firearm "in furtherance" of his drug crime, the Government must show that [he] intended to use the firearm to promote or to facilitate his possession of [drugs] with intent to distribute. While the Government need not show actual use of the firearm to advance the drug crime, mere possession of the gun is not enough. In addition to possession, the Government must demonstrate a nexus between the gun discovered and the underlying offense. [The Ninth Circuit] has held that a sufficient nexus exists if the firearm was "readily accessible" during the commission of the drug crime.

*See also United States v. Rios*, 449 F.3d 1009, 1012 (9th Cir. 2006) ("Whether the requisite nexus is present may be determined by examining, *inter alia*, the proximity, accessibility, and strategic location of the firearms in relation to the locus of drug activities.").

In *Lopez*, in response to an emergency call, a police officer pulled over the defendant's vehicle. 477 F.3d at 1112. After the defendant ran out of the car, the officer arrested him. *Id.* When police officers searched the defendant's vehicle, they found "a gun under the passenger seat" and "a canister in the center console that contained 13.15 grams of cocaine." *Id.* The Government charged the defendant with, among other offenses, possession of a firearm in furtherance of a drug trafficking crime. *Id.* at 1111. A jury convicted Defendant of this crime and he appealed, arguing that insufficient evidence existed to establish that he possessed the firearm in furtherance of the drug crime. *Id.* at 1115. The Ninth Circuit held that the "Government satisfied its burden when it presented evidence at trial that both the canister of cocaine and the firearm were easily within [the defendant's] reach at the time when the officer pulled over [his] car." *Id. See also Hector*, *supra*, 474 F.3d at 1157 (finding sufficient evidence to support the defendant's conviction for possession of a firearm in furtherance of a drug crime where drugs were found in a bathroom drawer in the defendant's apartment and a loaded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8020 AHM<br>CR 02-0973 NM | Date | January 4, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. JOSE L. PANIAGUA | | |

handgun was found underneath a futon in the living room); *United States v. Krouse*, 370 F.3d 965, 968 (9th Cir. 2004) (finding "nexus between the firearms discovered in [defendant's] home office and the drug trafficking operation discovered in the same room" because they "were strategically located within easy reach").

    At trial, the Government established more than the mere possession of a firearm. Defendant drove two co-defendants, Ocegueda and Del Real, to a drug sale. With a loaded and concealed weapon tucked into his pants, Defendant and Ocegueda entered the office of Petrov, the seller of the drugs. After exiting the office, Defendant waited with Petrov as Ocegueda and Del Real approached a vehicle in which Petrov had told them the drugs were hidden. After Del Real opened the front passenger door to the vehicle and he and Ocegueda appeared to search for something, DEA agents arrested Defendant at the scene. When Defendant was arrested, DEA agents found the loaded firearm in the waist band of his pants. Because Defendant's firearm was within easy reach and thus readily accessible during the entire drug sale, the Government established a sufficient nexus between the firearm and the crime for a jury to find that Defendant's "possession" of the firearm was "in furtherance of" the crime.

    Thus, even if Defendant's counsel had objected at trial to the court's jury instructions or had raised the issue on appeal, there is not a reasonable probability that the result of Defendant's trial would have been different. Accordingly, Defendant has failed to establish a sufficient showing of prejudice to prove constitutionally ineffective assistance of counsel.

## IV. CONCLUSION

    For the foregoing reasons, the Court DENIES Defendant's motion.[2]

IT IS SO ORDERED.

No hearing is necessary. Fed. R. Civ. P. 78(b); L. R. 7-15.

---

[2] Docket No. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8020 AHM<br>CR 02-0973 NM | Date | January 4, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. JOSE L. PANIAGUA | | |

                                                                                                                                                       :

Initials of Preparer